UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JOSE GARCIA, et al., :
: CASE NO. 1:14-CV-01514
Plaintiffs, :
:
v. : OPINION AND ORDER
: [Resolving Doc. No. 53]
SAR FOOD OF OHIO, INC., :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this suit alleging violations of the Fair Labor Standards Act ("FLSA") and corresponding state labor laws, Plaintiffs seek reconsideration of this Court's July 6, 2015, order giving Defendant SAR Food of Ohio, Inc. ("SAR Food") partial summary judgment.[1] Defendant opposes.[2] At issue is whether further evidence from Plaintiffs warrants reconsideration of the portion of the Court's order finding that SAR Food did not willfully violate the FLSA. The Court holds that Plaintiffs' evidence is insufficient, and therefore **DENIES** Plaintiffs' motion.

**I. Factual and Procedural Background**

On May 4, 2015, Defendant SAR Food moved for summary judgment. In relevant part, SAR Food sought summary judgment that its conduct was not "willful."[3] Under the FLSA, such a finding would reduce the relevant statute of limitations from three years to two years.[4] To demonstrate a

---

[1] Doc. 53.
[2] Doc. 57.
[3] Doc. 34.
[4] 29 U.S.C. § 255(a).

Case No. 1:14-cv-1514
Gwin, J.

"willful" violation of the FLSA a plaintiff must show "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."[5]

SAR Food argued that Plaintiffs did not have evidence to satisfy this burden. SAR Food pointed to Stanley Poon's affidavit. Stanley Poon worked for the Yatsen Group, which was retained by SAR Food to ensure FLSA compliance.[6]

Poon testified that SAR Food put in place several measures to "ensure that no employees' rights under the FLSA were violated." SAR Food had adopted employment policies, employee training, and a "1-800" number to report compensation concerns.[7]

Defendant SAR gave evidence that employees knew they could correct time cards that did not reflect the actual hours worked. Defendant SAR also showed evidence that employees used the correction process.

Plaintiffs opposed Defendant's motion for summary judgment.[8] Plaintiffs did not contradict the statements of Mr. Poon regarding SAR's corporate policies, but rather argued that

> "Defendant's store managers required employees to work unscheduled hours and then submitted falsified timesheets for the employees that did not include the extended hours".[9]

On July 6, the Court granted Defendant's motion for summary judgment on the question of willfulness.[10] This Court found "it was objectively reasonable for the Defendant SAR Food to

---

[5] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). The standard is higher than discerning an employer's constructive knowledge of FLSA violations for the purposes of general liability. *See generally* Doc. 45 at 8-12 (discussing *Moran v. Al Basit LLC*, __ F.3d __, 2015 WL 3448655 (6th Cir. June 1, 2015)

[6] Doc. 34 at 15.
[7] *Id.*
[8] Doc. 38.
[9] *Id.* at 13.
[10] Doc. 45.

-2-

Case No. 1:14-cv-1514
Gwin, J.

conclude that its system led to FLSA compliance."[11] Plaintiffs did now show that SAR Food had actual knowledge of FLSA violations. The extensive evidence as to corporate compliance efforts demonstrated that SAR Foods had not recklessly disregarded whether it was in violation of the FLSA.

In its analysis, the Court held that it would not consider the affidavit of Alfredo Herrera. Herrera first submitted an affidavit on behalf of the Defendant, then another behalf of the Plaintiffs. Citing the Sixth Circuit standard articulated in *Aerel, S.R.L. v. PCC Airfoils LLC*,[12] the Court found that the Plaintiffs had not given a "persuasive justification for the contradiction" in the later submission. Because of affidavit conflicts, the affidavits were not be considered.

The good faith and willfulness decision did not turn on the Herrera affidavit, whether considered or not considered.

Plaintiffs now move for reconsideration of the Court's summary judgment order holding that SAR Food did not willfully violate the FLSA.

## II. Legal Standard

Federal Rule of Civil Procedure 54(b) provides that an order or decision other than a final judgment – such as a motion for partial summary judgment – "may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities."[13] Generally, courts find justification for reconsidering interlocutory orders when there is: "(1) an

---

[11] *Id.* at 13-14

[12] 448 F.3d 899, 908 (6th Cir. 2006).

[13] Fed. R. Civ. P. 54(b); *see also Rodriguez v. Tennessee Laborers Health & Welfare Fund* 89 Fed. Appx. 949, 959 (6th Cir. 2004) (recognizing that the Federal Rules of Civil Procedure do not expressly address motions for reconsideration of interlocutory orders, but nevertheless finding that the district court's power to reconsider such orders is supported by both common law and Rule 54(b)).

Case No. 1:14-cv-1514
Gwin, J.

intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."[14] A motion for reconsideration is not available to relitigate already-decided issues, or to present a "legal theory or argument [that] could, with due diligence, have been discovered and offered during the initial consideration of the issue."[15]

### III. Analysis

Plaintiffs use two theories to challenge the Court's grant of partial summary judgment. First, Plaintiffs argue that the Defendant obtained its affidavit from Herrera under unreliable circumstances. Plaintiffs argue that Herrera's later affidavit is more reliable and that the conflicting second affidavit creates a genuine issue of material fact on willfulness and good faith.[16] Second, Plaintiffs argue that newly obtained evidence from opt-in Plaintiffs Bryner and Biccs, along with corresponding discovery disclosures, is new evidence of willfulness. Neither theory is sufficient for reconsideration of the order granting partial summary judgment.

#### A. Herrera Affidavit

The dispute over the Herrera declaration fails to warrant reconsideration for numerous reasons. First, Plaintiffs allege that Defendant engaged in improper conduct when it obtained the first Herrera affidavit. From this claim, Plaintiffs then argue that the Herrera affidavit, if considered, raises a genuine issue of material fact as to SAR Food's willfulness.[17] It does not. Facts concerning

---

[14] *Rodriguez*, 89 Fed. Appx. at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D.Ohio 1998))
[15] *McConocha v. Blue Cross & Blue Shield*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).
[16] Doc. 53.
[17] *Id.* (stating that "Herrera further explains that he did not sign the Spanish version of the declaration, and he never saw it until it was shown to him by his lawyers. Given such egregious conduct, there is a genuine issue of material
(continued...)

-4-

Case No. 1:14-cv-1514
Gwin, J.

attorney conduct in this litigation do not speak to the putative FLSA violations at issue. And even if considered, the second Herrera affidavit does not create material issues on the good faith and willfulness issues.

Second, the Court finds that the Plaintiffs' allegations of defense counsel's conduct do not constitute "persuasive justification" for the contradictory second Herrera declaration submitted by Plaintiffs.[18] Mr. Herrera's full signature appears on the *Spanish* version of the affidavit, rendering unpersuasive Plaintiffs' original argument that Herrera did not understand what he was signing.

Third, even if the Second Herrera Declaration were admissible, the Declaration does not give admissible evidence that SAR Food had knowledge sufficient to support a willfulness finding.

The Second Declaration switches between discussing the actions of Herrera's supervisor at the Parma Location and "Sarku Japan" more generally. Mr. Herrera does not provide evidence that he has personal knowledge as to overall company practice.[19] Moreover, the Declaration does not rebut the testimony of Poon concerning measures taken to ensure FLSA compliance – the basis for the Court's decision as to willfulness.

### B. Other New Evidence

Plaintiffs also offers three other items of evidence as grounds for reconsideration. None are sufficient to warrant reconsideration.

---

[17]/(...continued)
fact on willfulness and good faith of Defendant's FLSA violations for presentation to the jury.")

[18]/ Doc. 38-4.

[19]/ Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")

Case No. 1:14-cv-1514
Gwin, J.

First, the Plaintiffs point to the Declaration of Christopher Bryner, a new opt-in plaintiff who submitted an affidavit in support of the pending motion to decertify.[20] The declaration largely speaks to Bryner's understanding of SAR Food's manager bonus program. That bonus program appears to grant bonuses when SAR Foods compensation costs are lower. This evidence proves little. A bonus program that rewards lower compensation costs is not incompatible with a good faith efforts to comply with the FLSA.

Bryner then states that "there was no time-clock or other daily timekeeping system used in any of the Sarku Japan stores I worked at. Other employees and I were frequently required to work off the clock, outside of our regularly scheduled hours, and we were not paid for this extra time spend working.[21] These general allegations relate to specific stores and specific managers, and do not indicate willful FLSA violations by SAR Food.

Second, the Plaintiffs point to documents concerning the bonus program Bryner described. However, these documents were apparently produced months ago.[22] A motion for reconsideration is not an opportunity to present legal theories that a party chose not to pursue earlier. Moreover, even if the document were "new evidence," existence of the bonus program alone does not create a genuine issue of material fact as to SAR Food's willfulness in committing the alleged FLSA violations.

Third, the Plaintiffs point to the Biccs declaration, which states that the "1-800" number to report pay issues was disconnected when he attempted to call.[23] This is not sufficient new evidence

---

[20] Doc. 44, ex. 1. The Court will put aside for the moment concerns that Mr. Bryner cannot be a proper member of the opt-in class because his later role as a supervisor creates a conflict with other members of the class.
[21] *Id.* at ¶ 5.
[22] Doc. 57 at 14.
[23] Doc. 57, ex. 7.

Case No. 1:14-cv-1514
Gwin, J.

to warrant reconsideration. The phone line being disconnected does not, on its own, indicate willful or reckless disregard for FLSA compliance.

### IV. Conclusion

For the reasons above, the Court **DENIES** Plaintiffs' August 11, 2015 motions for reconsideration.

IT IS SO ORDERED

Dated: August 11, 2015           s/ *James S. Gwin*
         JAMES S. GWIN
         UNITED STATES DISTRICT JUDGE