UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JOSE GARCIA, et al., :
: CASE NO. 1:14-CV-01514
Plaintiffs, :
:
v. : OPINION AND ORDER
: [Resolving Doc. No. 42]
SAR FOOD OF OHIO, INC., :
:
Defendant :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this suit alleging violations of the Fair Labor Standards Act ("FLSA") and corresponding state labor laws, Defendant moves to decertify the conditional class stipulated to by the parties and approved by this Court on December 9, 2014.[1] Plaintiffs oppose.[2] The Court granted Plaintiffs leave to file supplemental briefing.[3] Defendant filed a supplemental reply.[4] For the below reasons, the Court **GRANTS** Defendant's motion.

**I. Background**

The factual background of this case is detailed more fully in the Court's recent summary judgment order.[5] As relevant for the purposes of this opinion, on November 24, 2014, the parties jointly filed a Stipulation and Proposed Order for Amendment of Complaint, Conditional

---

[1] Doc. 17; Doc. 18; Doc. 42.
[2] Doc. 44.
[3] Doc. 56; Doc 69.
[4] Doc. 72.
[5] Doc. 45.

-1-

Case No. 1:14-cv-1514
Gwin, J.

Certification, and Notice.[6] The stipulation provided for a conditionally certified collective action under Section 216(b) of the FLSA.[7] The conditional class was defined as: "all present and former hourly employees who worked at company-owned 'Sarku Japan' restaurants in Ohio during the three years preceding the commencement of this action."[8] The Court entered the conditional class definition.[9]

On May 4, 2015, Defendant SAR Food moved for summary judgment. In relevant part, SAR Food sought summary judgment that its conduct was not "willful."[10] Under the FLSA, such a finding would reduce the relevant statute of limitations from three years to two years.[11] On July 6, the Court granted Defendant's motion for summary judgment on the question of willfulness.[12]

Discovery concluded on August 17, 2015. The Named Plaintiffs identified sixteen Opt-In Plaintiffs.[13] Four have now been voluntarily dismissed for failure to appear at depositions.[14]

Defendant moves for decertification of the conditional class. Defendant argues that the claims of five of the remaining Opt-In Plaintiffs, as well as Named Plaintiff Raymond Sutton, are time barred under the shortened statute of limitations. Moreover, Defendant continues, remaining

---

[6] Doc. 17.

[7] A collective action under the FLSA is distinct from a class action governed by Federal Rule of Civil Procedure 23. *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 583-84 (6th Cir. 2009). Putative class members must opt into the class under the FLSA. As a result, a district court may initially certify a conditional class, allowing the parties to enter into discovery and notify potential opt-in plaintiffs. *Id.* Then, as here, the Defendant may move to decertify the class based on the evidence gathered.

[8] Doc. 17 at ¶ 5.

[9] Doc. 18.

[10] Doc. 34.

[11] 29 U.S.C. § 255(a).

[12] Doc. 45.

[13] *See* Doc. 37 (consent forms for Opt-In Plaintiffs Blanco, Cerna, Diaz, Gaid, Herrera, Huang, Liang, D. Perez, E. Perez, Rodriguez, Vargo and Wu); Doc. 43 (consent forms for Opt-In Plaintiffs Biccs, Bryner, Dean-Brown, and Torres (White)).

[14] Doc. 71; Doc. 75.

Case No. 1:14-cv-1514
Gwin, J.

Named Plaintiff Garcia never filed the requisite consent forms with the Court. On these facts alone, Defendant seeks decertification.

Turning to the alleged FLSA violations, Defendant maintains that the individual Plaintiffs' circumstances are "highly disparate," precluding resolution of the allegations as a collective action. Each restaurant had separate managers who treated overtime issues differently. Each restaurant had separate lease agreements, which largely controlled whether stores could stay open late.

In response, Plaintiffs maintain that Named Plaintiffs and Opt-In Plaintiffs are similarly situated because the company used a "unified" work hour reporting approach that violates the FLSA. Plaintiffs point to testimony from managers that stores occasionally stayed open 10-30 minutes beyond closing time. A comparatively small number of time sheets arguably show changes that reflected these extensions. Plaintiffs also point to a manager bonus program that rewards efforts to keep employee costs down.

On August 17, 2015, Plaintiffs filed a consent form for Named Plaintiff Garcia.[15]

## II. Analysis

### A. Legal Standard

Under 29 U.S.C. § 216(b), an employee can sue on her own behalf as well as on behalf of "similarly situated" persons. To bring a collective FLSA action, a named plaintiff must file a written consent.[16] For the purposes of the statute of limitation, a collective action is commenced

---

[15] Doc. 73.

[16] 29 U.S.C. § 216(b) ( "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Case No. 1:14-cv-1514
Gwin, J.

for any individual claimant, including the named plaintiff, on the date the written consent is filed.[17]

District courts use a "two-phase inquiry" to analyze whether the case presents a viable collective action.[18] In the initial stage, a district court can conditionally certify a class, allowing notice to be given to potential opt-in class members.[19] At that stage, the plaintiff must only show that "his position is similar, not identical, to the positions held by the putative class members."[20]

Following discovery and opt-in plaintiffs' identification, the trial court "examine[s] more closely the question of whether particular members of the class are, in fact, similarly situated."[21] In this second stage, the Court applies "a stricter standard than the conditional certification stage because it occurs near the end of discovery."[22]

Although Defendant moves for decertification, Plaintiffs have the burden to show that the Opt-In Plaintiffs are "similarly situated" to the Named Plaintiffs.[23] The Sixth Circuit has identified at least three factors that should be consider in making final certification decisions in FLSA collective actions:

> factual and employment settings of the individual[] plaintiffs, the different defenses to which plaintiffs may be subject on an individual basis, the degree of fairness and procedural impact of certifying the action as a collective action.[24]

---

[17] 29 U.S.C. § 256; *see also Frye v. Baptist Mem'l Hosp. Inc.,* 495 Fed. App'x 669 (6th Cir. 2012) (finding that named plaintiffs' failure to file a written consent was not cured by other actions taken by counsel to commence the action)

[18] *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006).

[19] *Id.*

[20] *Id.* (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002).

[21] *Id.*

[22] *Frye*, 495 Fed. App'x at 671(internal quotation marks omitted).

[23] *Id.* at 672.

[24] *O'Brien*, 575 F.3d at 584-85.

Case No. 1:14-cv-1514
Gwin, J.

Plaintiffs are similarly situated when they "suffer from a single, FLSA-violating policy.[25] Nevertheless, the standard does require a showing beyond allegations of multiple, even if similar, FLSA violations. "Plaintiffs generally must produce 'more than just allegations and affidavits' demonstrating similarity in order to achieve final certification."[26]

**B. Analysis**

*1. Viable Claims for Named Plaintiffs*

As an initial matter, the Court agrees with Defendant that the Named Plaintiffs failed to file a written consent as required by the FLSA. The Sixth Circuit in *Frye* held that subsequent, even active, prosecution by Named Plaintiffs is not a substitute for written consent.[27]

Unlike in *Frye*, however, Plaintiffs have cured the problem within the remaining two-year limitations period.[28] Garcia's consent form was filed on August 17, 2015. Garcia was working for Defendant at least through the time of his deposition on March 16, 2015.[29] Garcia demonstrates viable claims during the relevant period for this litigation, which now begins on August 17, 2013.

No consent form was filed for Named Plaintiff Raymond Sutton. It appears that even if a form had been filed, his claims would have been outside the relevant statutory period. His

---

[25] *Id.* at 585. In *O'Brien*, the Sixth Circuit found that the plaintiffs were similarly situated where "representative testimony" from some plaintiffs could facilitate proof of FLSA violations as to all.

[26] *Frye*, 495 Fed. App'x at 671 (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)).

[27] *Id.* at 677 ("Redundant though it may seem to require consents from the named plaintiffs in a class action, the FLSA's mandate is clear. [Plaintiff] did not file a written consent.").

[28] *Id.* at 677, n.2 (noting that that the Plaintiff could have cured the failure to file consent, but even if he had, it would have been outside the the applicable limitations period)

[29] Doc. 38-3 at 11, 29, 69 (discussing current employment and relevant pay periods in 2014).

Case No. 1:14-cv-1514
Gwin, J.

employment ended in June 2013.[30] For the remainder of the opinion, the Court will consider whether Named Plaintiff Garcia alone was "similarly situated" to the Opt-In Plaintiffs.

### 2. "Similarly Situated" Analysis

Although Named Plaintiff Garcia does have viable claims remaining, Plaintiff has failed to meet his burden of showing that he is "similarly situated" to the Opt-In Plaintiffs. Most importantly, Plaintiff identifies no "single, FLSA-violating policy" that unifies the claims of the conditional class members.

Each store presented a separate factual setting. Managers were different across locations.[31] Each store was subject to a particular lease agreement for the mall where it was located, presenting unique legal and factual questions as to whether the store was even able to stay open late.[32] The "SCORE Bonus" program at most created an incentive to keep labor costs within a particular range. But alone, that does not make out an FLSA violation.

Plaintiff argues that a common practice can be found in the lack of alterations to the time sheets, when testimony indicates that stores sometimes stayed open 10-30 minutes after closing. While this discrepancy may be the basis for individual FLSA claims, the lack of alterations alone does not demonstrate a "single-FLSA-violating policy." There must be a showing beyond mere similarity. For example, the plaintiffs in *O'Brien* were able to show a close nexus of facts, such that there could be "representative testimony" from particular employees.[33] Here, there is no such

---

[30] Doc. 38-2 at 44.
[31] Doc. 42-8.
[32] Doc. 72 at 12-13.
[33] *O'Brien*, 575 F.3d at 585.

-6-

Case No. 1:14-cv-1514
Gwin, J.

indication. The Named Plaintiffs and the Opt-In Plaintiffs are not similarly situated.

The contrary evidence Plaintiff puts forward is scant at best. Four of the Opt-In Plaintiffs failed to appear for their depositions and have already been dismissed. No evidence was given regarding the legal claims of three others.[34] Five of the Opt-In Plaintiffs appear to have untimely claims under the controlling two-year statute of limitations.[35] Of the original sixteen Opt-In Plaintiffs, four remain. Of the four, none presents evidence that demonstrates a cohesive or unified theory of the FLSA violations.[36] Moreover, the low numbers of viable opt-in plaintiffs undermines Plaintiff's claims of a common FLSA-violating policy.

Named Plaintiff Garcia and the Opt-In Plaintiffs have alleged facts that do fairly constitute FLSA violations if they are true. But they have not demonstrated that these alleged violations should be litigated as a collective action.

---

[34] Doc. 72 at 14.

[35] *Id.*

[36] One of these Opt-In Plaintiffs, Jose Blanco, submitted a declaration for Defendant contrary to position taken by Plaintiff in this lawsuit. Blanco stated, for example, that "I do not perform any work activity before my scheduled start time, nor do I perform any work activity after my scheduled end time." Doc. 34-2-M. Opt-In Plaintiff Biccs generally complained of working outside of scheduled hours, but provided no specifics as to the circumstances to compare with the circumstances described by Garcia. Doc. 49-5. Opt-In Plaintiff Liang complained about a specific occurrence of a pay discrepancy around Black Friday 2013. Doc. 69-10 at 12-13. Although Liang also reported working 15 minutes over on occasion, there is nothing beyond facial similarity to connect these occasions in the Youngstown store to the circumstances described by Garcia at Tower City, Mentor, South Park and North Olmsted stores. *Id.* at 15-16. The remaining Opt-In Plaintiff is Alfredo Herrera. The Court cannot consider Mr. Herrera's declaration for the reasons given in the opinion granting in part and denying in part the motion for summary judgment. Doc. 45. Even if the Court could consider the declaration Herrera submitted on Plaintiff's behalf, it does not satisfy Plaintiff's burden of showing that Garcia and the Opt-In Plaintiffs are all "similarly situated."

Case No. 1:14-cv-1514
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion and decertifies the conditional class.

IT IS SO ORDERED.

Dated: August 24, 2015                                s/        *James S. Gwin*
                                                                            JAMES S. GWIN
                                                                            UNITED STATES DISTRICT JUDGE