UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
JOSE GARCIA, et al., :
: CASE NO. 1:14-CV-01514
Plaintiffs, :
:
v. : OPINION AND ORDER
: [Resolving Doc. No. 79]
SAR FOOD OF OHIO, INC., :
:
Defendant :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this suit alleging violations of the Fair Labor Standards Act ("FLSA") and corresponding state labor laws, Defendant SAR Food of Ohio, Inc. moved to decertify the conditional class approved by this Court on December 9, 2014.[1] Plaintiffs opposed.[2] On August 24, 2015, the Court granted Defendant's motion to decertify, holding that Plaintiffs had not met their burden in demonstrating that the Named Plaintiff and the Opt-In Plaintiffs were "similarly situated."[3]

The Court also addressed a threshold issue raised by Defendant: that Named Plaintiff Jose Garcia had failed to file a written consent as required by the FLSA. The Court held that because Garcia cured the defect on August 17, 2015 – while he still had viable claims remaining within the

---

[1] Doc. 17; Doc. 18; Doc. 42.
[2] Doc. 44. Supplemental briefing was also allowed. *See* Doc. 69; Doc 72.
[3] Doc. 77.

-1-

Case No. 1:14-cv-1514
Gwin, J.

two-year statute of limitations – the case would not be dismissed on those grounds alone.[4/]

In its Supplemental Reply, Defendant argued that in the event the conditional class was decertified, Named Plaintiff Garcia should not be permitted to pursue an individual claim because "The FLSA does not permit an employee to pursue an FLSA claim in a 'dual capacity.'"[5/] Defendant now seeks a clarification of the Court's August 24, 2015 order as to whether, in light of the decertification, Plaintiff Garcia has properly alleged an individual FSLA claim. The Court **GRANTS** Defendant's motion to clarify as set forth below.

Named Plaintiff Garcia can pursue FLSA violations in an individual capacity.

Defendant confuses two distinct questions: (1) whether a putative named plaintiff who *did not* timely file a written consent can pursue the case in an individual capacity from the date the complaint of the collective action was filed; and (2) whether a putative named plaintiff who *did* timely file a written consent can pursue individual claims after a motion for decertification is granted.

Defendant's "dual capacity" arguments are all derived from cases that address the first question.[6/] However, the Court has found that Named Plaintiff Garcia filed a timely, if delayed,

---

[4/] *Id.* at 5-6. In contrast, Named Plaintiff Sutton had not filed a written consent at the time the motion to decertify was granted. As a result, the Court only considered whether Garcia was similarly situated to the Opt-In Plaintiffs.

[5/] Doc. 72 at 5-8.

[6/] For instance, Defendant relies heavily on *Frye v. Baptist Mem. Hosp., Inc.*, 2011 WL 1595458 (W.D. Tenn., Apr. 27, 2011). In that case, the Named Plaintiff failed to file a written consent before the relevant statutory deadline. He sought to salvage the litigation by arguing that he had effectively filed an individual claim simultaneous with his collective action complaint. The individual claim did not require a written consent, he reasoned, and so could continue even when the collective action was dismissed because of the written consent defect. The *Frye* Court disagreed, holding that the plaintiff could not initiate a "dual capacity" suit. The "dual capacity" analysis is distinct from the question of whether a decertified collective action reverts to the named plaintiff's individual claims. *See Frye v. Baptist Memorial Hosp.*, 2010 WL 3862591 at *3 (W.D. Tenn. Sept. 27, 2010) (An earlier opinion in the same case recognizing that decertification allows "the original plaintiffs" to "proceed to trial on their individual claims.")

Similarly, Defendant relies on an extensive block quote from *Faust v. Comcast Cable Commc'ns. Mgmt., LLC,*
(continued...)

-2-

Case No. 1:14-cv-1514
Gwin, J.

written consent. Thus, the "dual capacity" argument is not at issue in this case. The question at hand is the second: whether Garcia can now pursue an individual claim after the decertification. The answer is yes.

"If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims."[7]

Plaintiff Garcia can maintain an individual claim. However, Garcia has not made out an individual claim from the time the original collective action complaint was filed. Rather, the collective action has "reverted" to individual claims as a result of the decertification. Thus, Garcia's individual claim may go forward based on what would have been the relevant statutory period in the collective action.

The Court hereby **ORDERS** that the Opt-In Plaintiffs are dismissed without prejudice. The Court also **ORDERS** that, to the extent Plaintiff Garcia chooses to pursue individual claims for

---

[6]/(...continued) 2013 WL 5587291 (D. Md. Oct. 9, 2013). Again, the case concerned a failure by the plaintiffs to file a written consent until well into the litigation. The named plaintiffs argued that they should still be allowed to pursue their individual claims based on the date of their original collective action complaint. As in *Frye*, the Court found that the named plaintiff had not filed a "dual capacity" suit that would allow individual claims to relate back to the initial complaint. *Faust* does not speak to the question of whether a decertified collective action reverts to the individual claims of the named plaintiffs.

[7]/ *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995); *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001); *White v. Baptist Memorial Health Care Corp.*, 2011 WL 1883959 at *4 (W.D. Tenn. May 17, 2011); *see also Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010) ( "When a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs."); *cf. O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 574 (6th Cir. 2009) (noting that after the district court found that the opt-in plaintiffs were not similarly situated, the opt-in plaintiffs' claims were dismissed without prejudice and "the two lead plaintiffs in *O'Brien* proceeded individually.")

Case No. 1:14-cv-1514
Gwin, J.

FLSA violations, he may do so for alleged violations that occurred during the two years prior to August 17, 2015.

**IT IS SO ORDERED.**


Dated: August 27, 2015					*s/     James S. Gwin*
						JAMES S. GWIN
						UNITED STATES DISTRICT JUDGE